ERIC GRANT
United States Attorney
ROBERT A. FUENTES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, MOUNTAIN PROPERTY SERVICES, INC., and DOES 1-10;<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff United States of America alleges as follows:

**INTRODUCTION**

1. This action arises out of the "Nutmeg Fire," a wildfire that ignited on lands owned by Defendant Southern California Edison Company ("SCE"), in the direct protection area of the United States Department of Agriculture, Forest Service ("Forest Service"), within the County of Fresno. The fire started as a result of Defendants' negligence and burned approximately nine acres of land before the Forest Service suppressed the fire. The United States brings claims for damages against Defendants for more than $1 million, which includes the fire suppression and other costs incurred by the Forest Service.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because this is a civil action commenced by the United States.

COMPLAINT                                                                                                                            1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to the Untied States' claims occurred within Fresno County, California, which is within this District.

## PARTIES

4. The United States, through the Forest Service, holds and manages public lands in trust for the benefit of the public. It is responsible for wildland fire protection in its designated "direct protection areas," which include both the public lands it holds as well as private lands, such as the land burned by the Nutmeg Fire.

5. Defendant SCE is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the California Public Utilities Code. SCE is "primarily engaged in the business of supplying and delivering electricity to an approximately 50,000 square mile area across Southern, Central and Coastal California."[1]

6. Defendant Mountain Property Services, Inc. ("MPS"), is a corporation organized and incorporated under the laws of the State of California, with its principal place of business in Auberry, California, within the County of Fresno. MPS provides vegetation management services, including to utilities such as SCE.

7. Doe Defendants 1 to 10 are individuals and entities, including parents, subsidiaries, employees, agents, contractors, or subcontractors of SCE and/or MPS, whose identities are currently unknown and who are responsible for the damages caused to the United States as alleged herein.

## FACTUAL ALLEGATIONS

**Wildfire Risk in California**

8. According to SCE, "Wildfires have always been a part of California's landscape due to the state's geography, ecology, and weather patterns. Recent experience, however, suggests that intense, devastating wildfires are here to stay."[2]

---

[1] Edison International & Southern California Edison, 2024 Annual Report (SEC Form 10-K), at 3 (Feb. 27, 2025).

[2] Letter from Gary A. Stern, SCE Managing Director, State Regulatory Operations, to California Public Utilities Commission, re: Request for Z-Factor Recovery of the Revenue Requirement Associated with Incremental Wildfire-Related Liability Insurance (Mar. 14, 2018), at 4, available at SCE's Wildfires Document Library, https://www.edison.com/investors/southern-california-wildfires/document-library (last accessed on Aug. 26, 2025).

COMPLAINT                                                                 2

9. According to SCE: "California's wildfire risk has increased in recent years due to climate change, drought, and other factors such as increased development in the wildland-urban interface and significant build-up of fuel, including on federal and state forest lands. The full magnitude of the increased threat and the significance of its consequences did not become apparent until 2017, when California experienced five of the most destructive fires in its history."[3]

**The Nutmeg Fire**

10. The Nutmeg Fire ignited on September 2, 2022, on private lands owned by SCE, within the direct protection area of the Forest Service. The ignition site is located in Fresno County near the Sierra National Forest, approximately one mile west of Dinkey Mountain.

11. The fire was caused by the negligent operation of a feller buncher on SCE's land and at SCE's direction by vegetation management contractor MPS, which, on information and belief, had been hired by SCE to conduct vegetation removal in the area.

12. A feller buncher is a large piece of heavy equipment used in forestry operations, which features a fast-spinning cutting wheel or disc used to cut through trees and a large hydraulic arm used to reach and grab trees. A feller buncher is a device capable of igniting a fire and requires a high degree of care in its use, particularly when used in conditions of elevated fire danger.

13. On the day of the Nutmeg Fire, at about 2:30 pm, temperatures in the area were approximately 91 degrees Fahreneit, relative humidity was near 20 percent, and wind speeds averaged about 4 miles per hour, with gusts up to 12-14 miles per hour. These conditions presented a high risk of fire due to high temperatures, low relative humidity, and elevated winds.

14. At about 2:30 pm on September 2, 2022, an SCE employee reported the fire to the Sierra National Forest Emergency Communications Center, and shortly thereafter a Forest Service law enforcement officer ("LEO") and fire incident responders reported to the area.

15. Matthew Marvin, an owner of MPS, was present at the site. Marvin informed the LEO that he had been operating a feller buncher just three hours earlier in the area of the fire.

---

[3] Southern California Edison Company's (U 338-E) 2019 Wildfire Mitigation Plan, California Public Utilities Commission R. 18-10-007 (Feb. 6, 2019), at 7, available at: available at SCE's Wildfires Document Library, https://www.edison.com/investors/southern-california-wildfires/document-library (last accessed on Aug. 26, 2025).

COMPLAINT     3

16. Marvin told the LEO that the feller buncher could have caused the fire. The SCE employee who had reported the fire also stated that he believed the feller buncher caused the fire.

17. On the day of the fire, the SCE employee had informed Marvin of "high fire danger" in the area of the feller-buncher operations. In response, Marvin had stopped operating the feller buncher at about 11:30 am.

18. Despite the high fire danger, SCE and MPS failed to take adequate steps to prevent the start and spread of a fire during and after the feller-buncher operations.

19. Following the fire's ignition, the Forest Service conducted an investigation and determined the cause of the Nutmeg Fire to be Marvin's operation of the feller buncher. The Forest Service found no evidence to support any probable cause of the fire other than this equipment.

20. Given the high risk of fire on September 2, 2022, MPS was required to exercise a high degree of care and diligence to ensure that its feller-buncher operations did not result in a fire. However, MPE, under the supervision of SCE, failed to exercise the requisite level of care, resulting in the ignition and spread of a wildfire.

21. The Forest Service conducted fire suppression efforts to extinguish the Nutmeg Fire, which continued for approximately one week until the fire was fully contained. Those efforts included fire engines, hand crews, bulldozers, and air support. The Forest Service continued "mop-up" efforts for several days following full containment of the fire, which were required to ensure that the fire was completely extinguished and the area safe.

22. The fire burned approximately nine acres of land, all privately-owned by SCE.

23. On September 27, 2023, the Forest Service sent SCE a notice of indebtedness and a bill of collection for $821,249.86, which included its fire suppression costs.

24. On or about March 24, 2025, SCE forwarded the Forest Service's notice of indebtedness to MPS.

25. To date, no Defendant has paid any part of the sum demanded by the United States.

## CAUSES OF ACTION

### COUNT I

**Negligence and Negligence Per Se – All Defendants**

26. The United States reasserts the allegations above as if fully set forth herein.

27. Defendants had a duty to exercise reasonable care in order to operate the feller buncher in a safe manner on a day of elevated fire risk. Defendants breached their duty of care and thereby caused the Nutmeg Fire, including by failing to maintain and operate dangerous logging machinery in a safe and effective manner, and failing to take reasonable precautionary measures so as to avoid starting a fire.

28. Pursuant to California Public Resources Code section 4435, the origination of the Nutmeg Fire from the operation or use of Defendants' machinery, which constituted a "device which may kindle a fire," is *prima facie* evidence of negligence in the maintenance, operation, or use of such machinery.

29. Furthermore, Defendants violated multiple statutes and regulations, including California Public Utilities Code section 451 and California Health & Safety Code sections 13001, 13009, and 13009.1. The United States and its citizens are among the class of persons these statutes were designed to protect, and the harm suffered by the United States as a result of the Nutmeg Fire was the type of harm these statutes were intended to prevent. Defendants' violation of such provisions thus constitutes negligence *per se*.

30. The United States is further entitled to a presumption of negligence under the doctrine of *res ipsa loquitur*, because (1) the ignition and spread of the Nutmeg Fire was an incident of the kind that ordinarily does not occur in the absence of negligence, (2) the Nutmeg Fire was caused by an agency or instrumentality within the exclusive control of Defendants, and (3) the United States did not cause or contribute to the ignition of the Nutmeg Fire.

31. Defendants' negligent acts, omissions, and violations of law caused the Nutmeg Fire to ignite and proximately caused damages to the United States, including fire suppression, administrative, investigative, and accounting costs, in an amount to be established at trial.

32. Defendants are responsible for all damages caused by their negligence pursuant to federal common law, both under general principles of negligence and borrowing from California statutes that are not aberrant or hostile to federal interests to supply the federal rule of decision, including California Civil Code section 1714 and California Health & Safety Code sections 13009 and 13009.1.

## COUNT II

### Interest and Penalties

33. The United States reasserts the allegations above as if fully set forth herein.

34. The United States demanded that Defendant SCE pay the costs incurred by the United States as a result of the Nutmeg Fire, and SCE forwarded said demand to Defendant MPS. Defendants have failed to pay the demanded costs.

35. Accordingly, the United States is entitled to recover interest and penalties under federal law, including under the Debt Collection Act, Title 31 United States Code section 3717, and federal common law borrowing from state law to supply the federal rule of decision.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States demands that judgment be entered in its favor against Defendants in an amount equal to:

a) All damages incurred by the United States as a result of the Nutmeg Fire, including all the United States' fire suppression, investigative, accounting, collection, administrative, and other costs resulting from the fire;

b) All interest and penalties to which the United States is entitled under federal law;

c) All other applicable costs, fees, and interest; and

d) Any such further relief as this Court deems just and equitable.

Dated: September 2, 2025

ERIC GRANT
United States Attorney

*/s/ Robert A. Fuentes*
ROBERT A. FUENTES
Assistant United States Attorney

///
///
///
///
///

COMPLAINT                                                                                                               6

**DEMAND FOR JURY TRIAL**

The United States hereby demands a jury trial for all issues so triable in this action.

Dated: September 2, 2025

ERIC GRANT
United States Attorney

*/s/ Robert A. Fuentes*
ROBERT A. FUENTES
Assistant United States Attorney