1   JUSTIN M GOLDSTEIN (SBN 198858)
    justin@frostllp.com
2   LOUISE NUTT (SBN 273130)
    lnutt@frostllp.com
3   FROST LLP
    10960 Wilshire Boulevard, Suite 2100
4   Los Angeles, California 90024
    Telephone: (424) 254-0441
5   Facsimile: (424) 600-8504

6   SOUTHERN CALIFORNIA EDISON COMPANY
    Patricia A. Cirucci (SBN 210574)
7   patricia.cirucci@sce.com
    2244 Walnut Grove Avenue
8   Rosemead, CA 91770
    Telephone:    (626) 302-6628
9   Facsimile:    (626) 302-6997

10  Attorneys for Defendant and Cross-Claimant
    SOUTHERN CALIFORNIA EDISON
11  COMPANY

12

13                    UNITED STATES DISTRICT COURT

14          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

15

16  UNITED STATES OF AMERICA,              Case No. 1:25-cv-01115-KES-BAM

17              Plaintiff,                 *Hon. Judge Kirk E. Sherriff, Courtroom 6*

18      vs.                                **DEFENDANT AND CROSS-CLAIMANT
                                           SOUTHERN CALIFORNIA EDISON
19  SOUTHERN CALIFORNIA EDISON             COMPANY'S FIRST AMENDED
    COMPANY, MOUNTAIN PROPERTY             CROSSCLAIMS**
20  SERVICES, INC., and DOES 1-10
                                           **DEMAND FOR JURY TRIAL**
21              Defendants.

22  _____

23  SOUTHERN CALIFORNIA EDISON
    COMPANY,
24
                Cross-Claimant,
25
        vs.
26
    MOUNTAIN PROPERTY SERVICES, INC.;
27  TIM MESSER CONSTRUCTION, INC.; and
    ROES 1-10,
28
                Cross-Defendants.

84611

**INTRODUCTION**

1.     At the time of the Nutmeg Fire, Defendant and Cross-Claimant SCE had a contractual relationship with Cross-Defendant Tim Messer Construction, Inc. ("TMC"). SCE and TMC were parties to a Master Services Agreement ("MSA") containing an indemnification clause, as well as an associated Purchase Order for work in the Dinkey Creek area. The MSA also contained a clause requiring TMC to maintain certain required insurance policies and minimum limits of coverage. TMC was to provide vegetation clearance services. TMC subcontracted with Defendant and Cross-Defendant MPS so that MPS would be the entity to perform this work, which included operation of a feller buncher. TMC and MPS are liable for any damages caused by MPS's maintenance and/or operation of a feller buncher on the day of the Nutmeg Fire.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction because the claims arise out of the same incident, the Nutmeg Fire, giving rise to the underlying Complaint. This Court has jurisdiction over Cross-Defendants because at all times relevant to this action, Cross-Defendants conducted business in Fresno County, California, within this District.

3.     As with the underlying Complaint, venue is proper in this District because the alleged acts or omissions giving rise to the claims occurred within Fresno County, California, which is within this District.

**PARTIES**

4.     Defendant and Cross-Claimant SCE is an investor-owned utility organized and existing under the laws of the State of California. SCE's principal place of business is in Rosemead, Los Angeles County, State of California.

5.     Defendant and Cross-Defendant MPS is a corporation organized and incorporated under the laws of the State of California, with a principal address in Fresno, California, which is within the County of Fresno. At the time of the Nutmeg Fire, MPS provided vegetation management services.

6.     Cross-Defendant TMC is a corporation organized and incorporated under the laws of the State of California, with a principal address in Auberry, California, which is within the

1    County of Fresno. At the time of the Nutmeg Fire, TMC provided demolition, excavation, and

2    construction services. TMC subcontracted certain work to MPS. On information and belief, TMC

3    has conducted work for the United States Department of Agriculture, Forest Service ("Forest

4    Service").

5         7.      Roe Cross-Defendants 1 to 10 are individuals and entities related to MPS and/or

6    TMC, whose identities are currently unknown and who are liable to SCE.

7                              **FACTUAL ALLEGATIONS**

8         8.      On December 15, 2010, SCE entered into Master Services Agreement

9    #MSA00095000 with TMC. SCE later assigned CW2219308 as a new number for referencing the

10   same MSA. Under this MSA, TMC agreed to provide various services to SCE as a contractor. The

11   MSA allowed TMC to subcontract work, provided that TMC get SCE's written consent, TMC

12   require "each Subcontractor in its respective subcontract to be bound by the terms and conditions

13   of the [MSA]", and that TMC "at all times be responsible for the services, and for the acts and

14   omissions of subcontractors and persons directly or indirectly engaged by the Subcontractors."

15        9.      Among TMC and its subcontractors' material obligations under the MSA is an

16   obligation to follow SCE's Environmental, Health and Safety Handbook for Contractors, which

17   includes a requirement that contractors and subcontractors be familiar with and comply with site-

18   specific Fire Prevention Plans. Also as part of this Handbook, SCE sets forth its expectation that

19   contractors will "take all prudent and proper environmental, health and safety precautions to

20   protect SCE employees and property, other exposed persons and property, and the environment."

21   SCE's contractors and subcontractors are required to comply with applicable safety and health

22   regulations imposed by any governmental authority or by SCE, and conduct various other safety

23   and health measures.

24        10.     Another material obligation was to provide and maintain specific insurance

25   coverage. Section 11 of the MSA required TMC to, among other things, "at its own expense,

26   provide and maintain in effect, and [] require each Subcontractor to provide and maintain in

27   effect" certain insurance policies and minimum limits of coverage. This includes Commercial

28   General Liability Insurance "covering all operations by or on behalf of [TMC] arising out of or

84611

3

**DEFENDANT AND CROSS-CLAIMANT SCE'S FIRST AMENDED CROSSCLAIMS**

connected with the Agreement" and Umbrella/Excess Liability Insurance. These policies were required to name SCE as additional insureds. Pursuant to the MSA, if TMC fails to obtain the required policies, TMC must "provide a current, full and complete defense" to SCE "in response to a third party claim in the same manner than an insurer would have, had the insurance been maintained in accordance with the provisions of this Section 11."

11.     The MSA included indemnity provisions. TMC agreed to Section 13.1, titled "Indemnification by Contractor [TMC] and Subcontractors."  As set forth in that Section, "[TMC] shall, and [TMC] shall cause its Subcontractors to, indemnify, defend and hold harmless each Edison Indemnitee [including SCE] from and against all losses, liabilities, damages and claims, and all related costs and expenses [], fines, penalties, or interest, including reasonable legal fees and costs, arising out of, in connection with, or relating to any claim involving the performance or non-performance of the Services" including relating to real property damage resulting from TMC's acts or omissions, relating to any actual or alleged violation of any applicable law, or relating to TMC's breach of any of its material obligations under the MSA.

12.     The parties subsequently amended other provisions of the MSA.

13.     Acting under the MSA, SCE and TMC entered into Purchase Order, No. 8500127796 on July 29, 2022 for TMC to provide Forest Management services to SCE for work near Shaver Lake, CA. The Purchase Order explicitly states that it shall be governed by the Master Services Agreement identified as CW2219308.

14.     TMC subcontracted with MPS to perform certain work pursuant to this Purchase Order, including having MPS operate a feller buncher near Dinkey Creek/Shaver Lake.

15.     On September 2, 2022, the Nutmeg Fire began in an area near where MPS had been operating a feller buncher to clear trees. The Forest Service engaged in fire suppression efforts, with the assistance of SCE and the California Department of Forestry and Fire Protection.

16.     The Forest Service issued a report identifying MPS's feller buncher as a cause of the Nutmeg Fire. SCE does not know the accuracy of this conclusion at this time. To the extent that MPS's maintenance or operation of a feller buncher caused the Nutmeg Fire, both MPS and TMC must defend, indemnify and hold harmless SCE from "all losses, liabilities, damages and

1    claims, and all related costs and expenses [], fines, penalties, or interest, including reasonable legal

2    fees and costs, arising out of, in connection with, or relating to" the fire.

3           17.    On September 27, 2023, the Forest Service sent SCE a Notice of Indebtedness and

4    a bill for collection for $821,249.86, which the Forest Service alleges constituted the cost of fire

5    suppression efforts.

6           18.    SCE forwarded the Notice of Indebtedness to MPS and TMC, attempted to tender

7    the Forest Service's claims to MPS and TMC, and reminded TMC of its indemnity obligations

8    under the MSA. SCE also sought defense and indemnity from TMC's insurer. MPS and TMC

9    have not accepted a tender of defense and have not agreed to indemnify. TMC's insurer has also

10    denied insurance coverage.

11    **CAUSES OF ACTION**

12    **COUNT I**

13    **(Contractual Indemnity – TMC; Roe Cross-Defendants)**

14           19.    SCE incorporates by reference all prior paragraphs.

15           20.    SCE and TMC entered into an agreement, the MSA, containing an indemnity

16    provision.

17           21.    The indemnity provision requires that TMC "indemnify, defend and hold harmless

18    each Edison Indemnitee [including SCE] from and against all losses, liabilities, damages and

19    claims, and all related costs and expenses [], fines, penalties, or interest, including reasonable legal

20    fees and costs, arising out of, in connection with, or relating to any claim involving the

21    performance or non-performance of the Services" including relating to real property damage

22    resulting from TMC's acts or omissions, relating to any actual or alleged violation of any

23    applicable law, or relating to TMC's breach of any of its material obligations under the MSA.

24           22.    Under the MSA, TMC is responsible for the conduct of its subcontractors, like

25    MPS. It must indemnify for the conduct of its subcontractors.

26           23.    The Forest Service sending a Notice of Indebtedness to SCE for conduct by MPS

27    triggered the indemnity provision. The indemnity provision is also triggered by Plaintiff's suit

28    against SCE and MPS. Plaintiff alleges it incurred losses and damages as a result of the Nutmeg

Fire and seeks to recover those losses and damages from SCE.

24.    TMC is obligated to indemnify SCE losses and damages associated with the conduct of its subcontractors, including costs of defense in Plaintiff's lawsuit against SCE. If SCE is judged liable on any of Plaintiff's claims, TMC and Roe Cross-Defendants should be required to pay for any damages imposed on SCE.

**COUNT II**

**(Equitable Indemnity – All Cross-Defendants)**

25.    SCE incorporates by reference all prior paragraphs.

26.    SCE and TMC entered into an agreement, the MSA, through which TMC agreed to provide services to SCE. TMC subcontracted with MPS to provide some of those services.  Under the MSA, TMC is responsible for the conduct of its subcontractors, like MPS. Under the MSA, TMC was obligated to require its subcontractors, like MPS, to indemnify SCE.

27.    On September 2, 2022, the Nutmeg Fire began in an area near where MPS had been working earlier that day. The Forest Service engaged in fire suppression efforts.

28.    The Forest Service sent a Notice of Indebtedness to SCE for conduct by MPS. Plaintiff has also named both SCE and MPS in the Complaint.

29.    Plaintiff alleges it incurred losses and damages as a result of the Nutmeg Fire and seeks to recover those losses and damages from SCE.

30.    To the extent MPS's conduct caused the Nutmeg Fire, and SCE is held liable to Plaintiff for damages,  Cross-Defendants would be equitably responsible for those damages. If SCE is judged liable on any of Plaintiff's claims, Cross-Defendants should be required to pay for any damages imposed on SCE.

31.    Cross-Defendants are obligated to indemnify SCE from losses and damages associated with the Nutmeg Fire, including costs of defense in Plaintiff's lawsuit against SCE.

**COUNT III**

**(Breach of Contract – TMC; Roe Cross-Defendants)**

32.    SCE incorporates by reference all prior paragraphs.

33.    SCE and TMC entered into an agreement, the MSA, through which TMC agreed to

1   provide services to SCE. TMC agreed to Section 11, titled "Insurance."

2       34.    Section 11 of the MSA requires TMC to, among other things, "at its own expense,

3   provide and maintain in effect, and [] require each Subcontractor to provide and maintain in

4   effect" certain insurance policies and minimum limits of coverage. This includes Commercial

5   General Liability Insurance "covering all operations by or on behalf of [TMC] arising out of or

6   connected with the Agreement" including coverage for "broad form property damage" and

7   "owners' and contractors' protective liability," as well as Umbrella/Excess Liability Insurance.

8   TMC is required to name SCE as an additional insured on these policies. Pursuant to the MSA, if

9   TMC fails to obtain the required policies, TMC must "provide a current, full and complete

10  defense" to SCE "in response to a third party claim in the same manner that an insurer would

11  have, had the insurance been maintained in accordance with the provisions of this Section 11."

12      35.    On October 16, 2024, TMC's insurance company, Nationwide E&S/Specialty, as

13  underwritten by Scottsdale Insurance Company, wrote to SCE denying insurance coverage,

14  rejecting SCE's tender for defense and indemnification. Nationwide gave multiple reasons for

15  denying insurance coverage, including: (a) TMC's insurance policy does not name SCE as an

16  additional insured, (b) TMC's insurance policy excludes coverage arising out of "logging and

17  lumbering" operations such as felling trees and sawing timber (the "Logging Exclusion

18  Endorsement"), (c) TMC's insurance policy does not cover fire suppression costs because such

19  costs do not qualify as "property damage," and (d) TMC's insurance policy contains a Wildfire

20  Exclusion Endorsement that states:

21          With respect to operations performed by you or for you, this insurance does not apply to

22          "bodily injury," "property damage" or "personal and advertising injury" arising out of

23          and/or caused by a "wildfire."

24  "Wildfire" is defined in the policy as "any fire that consumes more than one acre of land in any

25  direction from where it originated, whether it originated from inside or outside of a building or

26  other structure, 'mobile equipment' or vehicle; 'wildfire' includes heat, smoke or fumes."

27      36.    In September 2025, SCE once again reached out to Scottsdale Insurance Company

28  regarding insurance coverage and tendered its defense of this lawsuit. Scottsdale Insurance

1 Company repeated that it would likely deny coverage and defense based on (among other things)

2 the Wildfire Exclusion Endorsement and the Logging Exclusion Endorsement.

3        37.     On information and belief, TMC has failed to ensure that MPS carried the required

4 insurance policies and minimum limits of coverage under the MSA. Earlier this year, SCE was in

5 contact with a claims administrator at Messer Logging, Inc.'s insurance company regarding the

6 Nutmeg Fire. (Messer Logging, Inc. is a company affiliated with TMC.) On May 5, 2025, the

7 claims administrator wrote that Messer Logging, Inc. had attempted to tender the Nutmeg matter

8 to Falls Lake Fire & Casualty, MPS's insurance company, but Falls Lake had denied coverage and

9 denied tender.

10        38.     Based on information and belief, TMC and related Roe Cross-Defendants breached

11 the MSA by (a) not maintaining required insurance coverage, (b) not requiring MPS to maintain

12 required insurance coverage, and (c) failing to "provide a current, full and complete defense" to

13 SCE.

14        39.     As a result of the breach, SCE is being damaged by having to incur fees and costs

15 to defend against Plaintiff's Complaint and will continue to be damaged based on having to incur

16 further fees and costs (and potentially face liability exposure) based on the actions of TMC's

17 subcontractor MPS.

18                                       **PRAYER FOR RELIEF**

19       SCE prays as follows:

20        1.     That judgment be rendered in favor of SCE and that Cross-Defendants be ordered

21 to indemnify SCE in the amount of any liability incurred by SCE in the event of a settlement,

22 judgment, or verdict resulting from Plaintiff's lawsuit against SCE;

23        2.     That SCE be awarded the attorneys' fees and costs it incurred in connection with

24 this action;

25        3.     For such other relief as the Court deems proper.

26

27

28

1    DATED: December 4, 2025            FROST LLP

2

3                                       By:      /s/ Justin M. Goldstein

4                                               JUSTIN M. GOLDSTEIN
                                                LOUISE NUTT
5                                               Attorneys for Defendant and Cross-Claimant
                                                SOUTHERN CALIFORNIA EDISON
6                                               COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Defendant SCE hereby demands a trial by jury on all issues and causes of action triable by

3  a jury.

4  DATED: December 4, 2025                  FROST LLP

5

6                                                 By:    _____/s/ Justin M. Goldstein_____

7                                                        JUSTIN M GOLDSTEIN
                                                         LOUISE NUTT
8                                                        Attorneys for Defendant and Cross-Claimant
                                                         SOUTHERN CALIFORNIA EDISON
9                                                        COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28